GRANT ET AL. v. McCARTY.

1. **Practice**: MISJOINDER OF CAUSES OF ACTION. In a joint action by two parties for injury to their common property, it is a misjoinder to aver an independent cause of action to each for assault and battery.

2. ――――: WAIVER: MOTION IN ARREST. Under section 2847 of the Revision, all objections to the misjoinder of causes of action must be made before defense, or they will be deemed to have been waived. Such objections cannot be first made by a motion in arrest of judgment.

*Appeal from Webster Circuit Court.*

MONDAY, JUNE 15.

THE plaintiffs set forth their cause of action in their petition as follows: " That on the 28th day of June, A. D. 1873, the plaintiffs with their team, (consisting of two horses and harness and double wagon, together with a whip of the value of one and one-half dollars), were peaceably driving upon and along a public highway called the Fort Dodge and Lizard road, at a point where a steep declivity exists commonly known and called the Colburn hill, immediately west of the city of Fort Dodge, Iowa, and on the right or west bank of the Des Moines river. That while so driving at the time and

place aforesaid, the defendants, without any cause or provocation whatsoever, who were driving in the same direction with the plaintiffs, for the purpose of hindering, delaying and annoying the plaintiffs, drove in and upon said highway immediately in front of the plaintiffs with their team, consisting of two mules and a wagon, and then stopped at a point where from the narrowness of said highway and the deep gullies and steep declivities on either side thereof, the plaintiffs were unable further to proceed on their journey; that thereupon the plaintiffs turned abou⁺ upon said highway to proceed upon their journey in some other direction; that thereupon and while the plaintiffs were upon said highway, the said defendants, without any cause or provocation whatsoever, wilfully, unlawfully, and maliciously, with large pieces of wood heavily ironed, commonly called single trees and neck yoke, and with the intent then and there to kill and murder the plaintiffs, attacked the plaintiffs with said weapons, and beat, bruised, and otherwise maltreated the plaintiffs upon said highway, and drove the plaintiffs from their said team and wagon, and compelled them to abandon the same and flee for their lives.

That thereupon upon said highway, the said defendants took possession of said property of the plaintiffs, and then and there unhitched said horses from said wagon, and turned the same loose, and drove them from said wagon for the purpose and with the intent that the plaintiffs should not find the same again.

Wherefore the plaintiffs say that they have been damaged in the sum of two hundred and fifty dollars actual damages, and two hundred and fifty dollars exemplary damages, for all of which and the costs of this action, they demand judgment against said defendants.

The defendants in their answer set forth the following defenses:

"I. The defendants for answer to the plaintiffs' petition, deny each and every allegation thereof.

"II. That at the time of the alleged assault the plaintiffs

were unlawfully making assault upon defendants, and defendants used no other or greater force than was necessary for their own protection.

"That the defendants at no time struck, injured, or maltreated the persons of the plaintiffs."

The cause was tried by a jury who returned the following verdict: "We find for the plaintiffs, and assess their damages at $65."

The defendants filed a motion in arrest of judgment upon the following grounds:

"I.   It appears by the pleading in the said cause that there is a misjoinder of parties plaintiffs.

"II.   It appears by the evidence that there is a misjoinder in said cause of parties plaintiffs.

"III.   That said action is instituted to recover for personal injuries sustained by the plaintiffs, and is brought by Oscar Grant and Charles Grant jointly.

"IV.   That said cause being brought for personal injuries sustained by said plaintiffs, they have no joint interests therein, and cannot maintain in this joint manner an action therefor."

On the 13th day of August, 1873, the court sustained said motion.   The plaintiffs appeal.

*Duncombe, O'Connell & Springer,* for appellants.

*Bottsford & Yeoman,* for appellee.

COLE, J.—The petition certainly sets forth facts sufficient to show that the plaintiffs were, at the least, possessed of the team jointly, and that the defendants interfered with, and

1. PRACTICE: misjoinder of parties of action. deprived them of that possession. For this they were unquestionably entitled to maintain their joint action. The other facts averred may be regarded, either as aggravating circumstances attending the interference with their property and possession, in order to enhance the damages; or, as an independent cause of action to each for assault and battery. If the latter view is taken,

which is the most favorable to the defendants, then there was clearly a misjoinder of causes of action. The case was tried and determined before the Code of 1873 took effect; and is therefore governed by the provisions of the Rev. of 1860. Section 2846 enacts that on motion of defendants at any time before defense, the court may strike out of the petition any cause or causes of action improperly joined with others; and the next section enacts that all objections to the misjoinder of

2. WAIVER: causes of action, shall be deemed waived, unless motion in arrest. so made. No such objection was made in this case, and it was therefore waived, and could not be made by motion in arrest. The case of *Rhoads et al. v. Booth*, 14 Iowa, 575, was a case of misjoinder of plaintiffs, and does not control this, which, as we have seen, is a case of misjoinder of causes of action.

REVERSED.