BURCH ET AL. v. THE DAVENPORT & ST. PAUL R. CO. ET AL.

1. **Jurisdiction:** REMOVAL OF CAUSES. The State courts have the power to inquire into the truth of the facts alleged in a petition for the removal of a cause from the State to the Federal court.

2. ——: ——: GROUNDS OF. Under section 639, U. S. Rev. Stat., a cause in which there are two or more parties defendant cannot be removed upon the petition of a defendant who is a citizen of another State, unless it can be finally determined, so far as it concerns him, without the presence of the other defendants; and a cause cannot be removed on the ground of prejudice or local influence unless the controversy is wholly between citizens of different states.

3. ——: ——: WHEN JURISDICTION HAS ATTACHED. Where exclusive jurisdiction of all the defendants has once attached, notwithstanding some of them be residents of other states than the one in which the action is brought, the cause should be continued until there is a complete determination of all the matters in controversy between all the parties.

*Appeal from Fayette Circuit Court.*

WEDNESDAY, SEPTEMBER 19.

THESE suits were brought by the plaintiffs to enforce a mechanic's lien against the Davenport & St. Paul Railroad Co., for work done and materials furnished in constructing the road of said defendant. The railroad company had made a mortgage upon its property and William Dennison and John E. Thompson were the trustees named in said mortgage. Said trustees were made parties defendant. Service of the original notice was made upon them by publication.

On the 27th day of October, 1874, a decree was rendered against the railroad company which found the amounts due the plaintiffs and other parties who had intervened, and established said amounts as mechanic's liens upon a certain portion of said railroad. The said trustees failing to appear, decrees were rendered against them by default declaring the lien of said mortgage to be junior and inferior to said mechanic's liens. A special execution was issued and the property was levied upon and sold to a trustee for the several plaintiffs for the amount of the judgments, interest and costs.

The next term of the Circuit Court was the February term, 1875, which was not held in the month of February, but in the month of May following.

John E. Thompson having died, William Dennison, the surviving trustee, on the 4th day of May, 1875, appeared in said causes, and because of service having been made upon the trustees by publication, filed his motion for a new trial. No security for costs was filed and the causes were continued. At the May term of said court said causes were also continued.

On the 21st day of October, 1875, and before the October term, Dennison filed his security for costs of new trial. On the same day Lewis H. Meyer filed his petition asking to be made a co-defendant with Dennison, upon the alleged ground that he (Meyer), had been appointed trustee in the place of Thompson, deceased.

Dennison and Meyer on the same day also filed a petition and bonds for the removal of said causes to the Circuit Court of the United States. These petitions set forth that petitioners were then citizens and residents of states other than Iowa, and all of the plaintiffs were residents of the State of Iowa; and that from prejudice and local influence petitioners could not obtain justice in the Circuit Court of Fayette county.

On the same day Dennison and Meyer filed other petitions for the removal of said causes to the Circuit Court of the United States, alleging that plaintiffs were all residents of the State of Iowa and defendant Dennison was a resident and citizen of the State of Ohio, and defendant Meyer a citizen of the State of New York. Bonds properly conditioned were also filed with the last named petitions.

Afterward, on the second day of the October term, 1875, of said court a formal record entry was made sustaining the motion of Dennison for a retrial of said causes. On the same day the plaintiffs answered the petitions for the removal of the causes by denying that plaintiffs were all residents of the State of Iowa, and alleging that said Benjamin Burch was a resident of the State of Kansas. On the same day the motion of Meyer to be made a co-defendant was submitted, and

on the day following said motion was sustained, as appears by the record entry, a copy of which is in these words:

" Now, to-wit: October 27th, 1875, it being the third day of this term, the application of Lewis H. Meyer to be substituted as a co-defendant with William Dennison, trustee, in place of John Edgar Thompson, deceased, is granted. The petition and bond for transfer of this cause to said United States Circuit Court is refused.

" The defendants, Meyer and Dennison, except and protest against proceeding further with the cause. The trial of this cause proceeds."

The court then proceeded with the trial of said causes and confirmed the decrees rendered at the October term, 1874. The defendants, Dennison and Meyer, appeal.

*Grant & Smith* and *L. M. Fisher*, for appellants.

*J. M. Brayton* and *W. A. Hoyt*, for appellees.

ROTHROCK, J.—I. A separate consideration of these cases is not necessary because the questions presented, as will be seen from the foregoing statement, are identical. It may be proper to remark that in one of the cases it is assigned for error that the court, upon the motion of appellees, struck the answer of William Dennison from the files of the court. Upon examination we find that the appellants' abstract fails to show any ruling upon the motion. In the absence of such showing we cannot presume that such ruling was made.

II. It is claimed by appellants that they were entitled to the removal of the causes under the provisions of the Act of Congress of July 27, 1866, as amended by the Act of March 2, 1867. Rev. Statutes U. S., Sec. 639.

It is also claimed that upon the showing made the court should have ordered the removal under the provisions of the 1. JURISDIC- Act of Congress, March 3d, 1875. Petitions and TION : removal of causes. affidavits were filed which it is urged comply with both of said Acts of Congress. In the case of *The Delaware Railroad Construction Company v. The Davenport & St. Paul R. R. Co. et al.*, p. 406, *ante*, it was held by this court

that the State court had power to inquire into the truth of the facts alleged in the petition for a change of forum. As there announced, we are satisfied with this ruling and shall adhere thereto until the question shall be otherwise determined by the court of last resort.

It does not, therefore, follow that the mere filing of a petition and affidavit *ipso facto* removes the cause without regard to the character of the suit, or the form or allegations of the application for removal. If the suit is not one which under the laws of Congress may be removed, it is the duty of the State court to disregard the application for removal, and proceed with the trial as though no such application had been made. In such case the petition for removal presents a question of law for the determination of the State court.

In our opinion the ruling of the court below, denying the right of removal of these suits, was correct, upon the ground that upon the record presented the defendants, Dennison and Meyer, had no right to a removal under any Act of Congress.

Section 639 of the Revised Statutes of the United States, so far as applicable to this question, is in these words:

"*Second.* When the suit is against an alien and a citizen of the state wherein it is brought, or is by a citizen of such state against a citizen of the same and a citizen of another state, it may be so removed, as against said alien or citizen of another state, upon the petition of such defendant filed at any time before the trial or final hearing of the cause, if so far as it relates to him it is brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy so far as concerns him, without the presence of the other defendants as parties in the cause. But such removal shall not take away or prejudice the right of the plaintiff to proceed at the same time with the suit in the state court as against the other defendants.

"*Third.* When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial, or final hearing of the suit, if before or at the time of filing said peti-

tion he makes and files in said state court an affidavit, stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court."

The act of March 3, 1875, provides: "That in any suit of a civil nature    *    *    *    *    in which there shall be a controversy between citizens of different states    *    *    *    *    either party may remove said suit into the Circuit Court for the proper district; and when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the Circuit Court of the United States for the proper district."

These suits were commenced against the Davenport & St. Paul R. R. Co. to obtain a judgment against it, and establish a mechanic's lien against its property. The defendants, Dennison and Thompson, were made parties to determine an incidental question in the suit. The debtor company was an indispensable party, without whose presence the suit could not be maintained. The railroad company was a citizen of Iowa, and subject to the jurisdiction of its courts. These parties being thus properly joined as defendants, if Dennison and Thompson, or Meyer as his successor, had petitioned for removal before judgment was entered against the railroad company, such petition could not be entertained, because all of the defendants were not citizens of states other than Iowa, and under the act of July 27, 1866, re-enacted in Sec. 639 of the Revised Stat. U. S., there can be no removal upon the petition of a defendant who is a citizen of another state, excepting in a suit in which there can be a final determination so far as concerns him, without the presence of the other defendants as parties in the cause." See *Gardner v. Brown*, 21 Wal., 40.

The act of March 2, 1867, amendatory to the act of 1866, being what is called the " prejudice or local influence " act, is applicable only to cases where one of the parties is a citizen

·of the state where suit is brought, and the adverse party is a citizen of another state. If the plaintiff be a citizen of the state where suit is brought, and the suit be against two defendants, citizens of other states, and a third defendant, a citizen of the same state as plaintiff, there can be no removal ·under this act. *Sewing Machine Co.'s case,* 18 Wal., 553.

The act of March 3, 1875, as to the right to a removal by one or more of the parties, plaintiff or defendant, is substantially the same as the act of 1866. It must be a suit in which ·there is a controversy which is wholly between citizens of different states, and which can be fully determined, as between them, without the presence of the other parties.

III. The question of difficulty in the case is, whether the rights of the appellants as to a removal of these causes have been enlarged or changed by the fact that before a change of forum was sought, the plaintiffs obtained judgments against the railroad company defendant, and decrees establishing mechanics' liens against the property, and sold the same upon special execution.

3. ——: ——: *when jurisdiction has attached.*

It is a question of jurisdiction. If at the commencement of the suit, and before judgment against one of the defendants, the State Court had exclusive jurisdiction of all the parties, so that there could be no removal, it seems to us that the jurisdiction could not be ousted or defeated in any subsequent stage of the action. Exclusive jurisdiction having once attached as against all of the defendants, it should continue until there is a complete determination of all the matters in controversy between all the parties.

It will be observed that the language of both the act of 1866 and that of 1875 is that the "*suit*" shall be removed. The "*suits,*" in these cases are against the Davenport & St. Paul R. R. Co. as principal defendant, and the claim made against the appellants as trustees is a mere incident. There is no authority in either statute for splitting a controversy or suit in two parts, and determining one part in one court and the other part in another court. The result of such a severance in these cases would be that upon a final determination .the records of the State Court would show a decree establish-

ing a mechanic's lien against the property of the principal defendant, and the conclusion of the decree would be found in the Circuit Court of the United States, a mere incident or addenda, determining whether such lien be superior or inferior to the lien of the mortgage.

We do not think either of the statutes in question contemplate any such dividing or severance of a suit. What is such a separate controversy as entitles one or more parties, plaintiff or defendant, to a removal of the suit as to them, we are not called upon to determine. It seems to us that where it is proposed to divide one case into two, the two parts, when thus divided, should be wholly independent of each other, if such thing be possible.

AFFIRMED.