STANBROUGH v. GRIFFIN ET AL.

1. **Jurisdiction**: REMOVAL OF CAUSES: FEDERAL STATUTE. The statute providing for removal to the federal courts of civil suits, wherein there is a controversy between citizens of different states, contemplates an actual controversy, and a suit cannot be removed thereunder by a defendant before filing a demurrer or answer.

*Appeal from Wright District Court.*

THURSDAY, OCTOBER 23.

THE plaintiff commenced his action against the defendants, Ray B. Griffin and Sarah Griffin, to recover judgment upon

certain promissory notes, and to foreclose a mortgage given to secure the same. The Delaware County Bank and Betsey Haines were made parties defendant to the action upon the alleged ground that they had liens upon the mortgaged property which were junior and inferior to plaintiff's mortgage. All of the defendants were duly served with an original notice of the suit, and were required to defend before noon of the 12th day of March, 1879.

The defendants, Ray B. Griffin and Sarah Griffin, made an appearance at the time named in the notice, and made an application to the court for a removal of the cause to the Circuit Court of the United States for the district of Iowa. It appears from the petition for removal that the plaintiff is a resident of the State of New York, and that all of the defendants are residents of the State of Iowa, and that the controversy in said cause is entirely and only between the plaintiff and said Ray B. Griffin and Sarah Griffin. Upon the filing of a bond with said petition for removal, the court, against the objection of the plaintiff, ordered that the cause be removed as prayed. From the order of removal the plaintiff appealed.

*Yoran & Seeds*, for appellant.

No appearance for appellees.

ROTHROCK, J.—We think the case is within the rule of *Burch v. The Davenport & St. Paul R. Co.*, 46 Iowa, 449, and that the order for removal was improperly made. The effect of a removal would be to divide the suit into two parts—one to be determined in the state court and the other in the federal court; and, further, it seems to us that under the act of March 3, 1875, which provides for a removal "in any suit of a civil nature in which there shall be a controversy between citizens of different States," it should appear that there is a controversy. The defendants in this case, who sought a removal, did not answer the petition nor demur thereto, and the record does not show there is any

1. JURISDIC-TION:removal of causes: federal statute.

controversy between the parties.　The statute contemplates a *controversy* in a suit and not a mere suit to which there is no defense.

REVERSED.