## BAILEY v. AMERICAN CENT. INS. CO.

*(Circuit Court, D. Iowa.    1881.)*

1. JURISDICTION OF THE CIRCUIT COURT—REMOVAL OF CAUSES—ACT OF 1875
     This court has jurisdiction, under the act of March 3, 1875, of a suit removed here from a state court on the petition of the defendant, where the suit was originally brought in the state court, appearance entered therein for the defendant at the first term, petition for removal presented, and the requisite bond tendered, without any other pleading being filed.

2. " CONTROVERSY "—PRESUMPTIONS.
     Where nothing appears to the contrary, it will be presumed, from the fact that a suit has been commenced, that there is a " controversy" between the parties.

This is an action to recover damages upon a policy of insurance, and was originally instituted in the circuit court of Lee county, Iowa. The defendant, a non-resident corporation, appeared in the state court at the first term after the commencement of the suit, and, without filing any other pleading, presented its petition for a removal of the cause to this court.    In the petition for removal the following statements appear :

"Your petitioner, the defendant, would respectfully show the court that the matter and amount in dispute in the above-entitled cause exceeds, exclusive of costs, the sum of $500; that the controversy in said suit is between citizens of different states; and that the petitioner was, at the commencement of this suit, and still is, a citizen of the state of Missouri; and that the said Noah Bailey was then, and still is, a citizen of Iowa."

Good and sufficient bond being tendered, the state court sustained the motion to remove the cause, and the record has accordingly been filed in this court.    The plaintiff moves to remand, upon the ground that, at the time of the filing of the petition for the removal in the state court, there was no controversy between the parties.

*Hagerman, McCrary & Hagerman*, for plaintiff.

*Fulton & Fulton,* for defendant.

McCRARY, C. J.    The act of congress of March 3, 1875, under which this case was removed, provides for the removal of causes "where the matter in dispute exceeds, exclusive of costs, the sum or value of $500,    *    *    *    in which there shall be a controversy between citizens of different states."    It is insisted by the counsel for plaintiff that inasmuch as no answer or demurrer was filed in the state court, and no issue joined, we are bound to presume that there was no controversy in the case.    That there must be a controversy in order to authorize the removal, is, of course, clear; and if it appears affirmatively from the record that there was no controversy, then the

cause should be remanded.  *Keith* v. *Levi,* 1 McCrary, 343.*  But we are inclined to think that, where nothing to the contrary appears, the court ought to presume, from the fact that a suit has been commenced, that there is a controversy between the parties.  If the defendant has made a default, or if, having appeared, he has admitted the justice of the plaintiff's claim, in either case there is no controversy; but where the plaintiff has brought his suit and the defendant has appeared, and, not being in default for want of pleading, has petitioned for a removal, under the act of congress, we think we are bound to presume that there is a controversy.  The presumption in every case is, where a suit is brought, that there is a controversy between the parties, unless the contrary appear from the record.  This was the view of the subject evidently taken by congress in the enactment of the third section of the act above cited.  By that section it *is* provided—

"That whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such state court before or at the term at which said cause could be first tried," etc.

In very few, if in any, of the states of the Union are there any statutes authorizing the filing of an answer before the first term. There is no such statute in this state, and, inasmuch as the act of congress expressly authorizes the petition for removal to be made before the term at which the case could be first tried, it follows that the petition may, in many cases, be presented before any answer or demurrer is authorized to be filed.  Besides, we are both of the opinion that it affirmatively appears from this record that there is a controversy.  The petition for removal distinctly so states, and it is sworn to.  There is certainly nothing in the statute requiring that the fact of a controversy shall appear either by an answer or a demurrer.  If it appears from the record, whether by the petition for removal or otherwise, it is sufficient.

The case of *Stanbrough* v. *Griffin,* 52 Iowa, 112, is relied upon by the counsel for plaintiff.  In that case *Rothrock,* J., expresses the opinion that a removal is not authorized in a case where there is no answer or demurrer, and the record does not show that there is a controversy between the parties.  The question whether the petition for removal was sufficient to show the controversy, was not considered in that case; and, indeed, the point was not necessary to be decided,

*S. C. 2 FED. REP. 743.

and the remarks of the judge concerning it are *dicta.* Notwithstanding our high regard for the supreme court of Iowa, we are unable to concur in the view expressed by *Rothrock,* J., on this question.

The motion to remand is overruled.

Love, D. J., concurs.