WISECARVER & REYNARD, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Removal of Causes.** If the petition and bond for the removal of
1 a cause from the state to the federal court are sufficient, the state court has no jurisdiction to try an issue arising thereunder but the cause must be transferred.

**Same:** IDENTIFICATION OF PETITIONER. Where an action is brought
2 against a properly designated railway company and the same company files a petition for removal of the cause to the federal court, it is a sufficient identification of the defendant in the main action as the petitioner.

**Same:** SUFFICIENCY OF PETITION. To entitle a party to an order
3 removing his cause to the federal court he need only allege diverse citizenship: he is not called upon to negative every defense which may be made to the petition.

*Appeal from Jefferson District Court.*— HON. D. M. AN-
DERSON, Judge.

FRIDAY, OCTOBER 23, 1908.

THIS is an action to recover damages for an injury to
a racing horse shipped over the defendant's road. There
was a verdict and judgment for the plaintiff, from which
the defendant appeals.— *Reversed* and *remanded.*

*Carroll Wright, J. L. Parrish,* and *Leggett & Mc-
Kenney,* for appellant.

*Rollin J. Wilson* and *Crail & Crail,* for appellee.

SHERWIN, J.— The petition alleged that the plaintiff
was a copartnership, and that the defendant was a corpora-
tion duly organized, owning and operating a railway in the
State of Iowa.   The petition further alleged that the horse
was injured while being transported by the defendant from
Council Bluffs, Iowa, to Forest City, Iowa, and that his
value at the time of the injury was $2,500.   The plaintiff
asked judgment against the defendant for $3,000.   Within
the time required by law, the defendant filed a petition for
the removal of the case to the federal court.   The petition
was properly entitled, and alleged that " the matter and
amount in dispute in the above-entitled action exceeds, ex-
clusive of interest and costs, the sum or value of $2,000."
The petition further alleged that the action was between cit-
izens of different States, and that the petitioner at the time
of the commencement of the action was, and still is, a cit-
izen and resident of the State of Illinois; that the plaintiff
was then and still is a resident of the State of Iowa; and,
further, that at the time of the commencement of the action
the defendant was a corporation organized and existing un-
der, and created under the laws of the State of Illinois, and

at said time and now has its citizenship and place of business in the city of Chicago and State of Illinois, " and was and is a nonresident of the State of Iowa." A good and sufficient bond was filed with the petition. The plaintiff filed a resistance to the petition, alleging, among other things, " that the subject-matter of this suit arises wholly between a natural and an artificial citizen of the State of Iowa, and this fact is controlling as against the pending petition of removal." In support of this resistance, the plaintiff filed a certificate made by W. B. Martin, Secretary of State of Iowa, certifying that in June, 1880, there was filed in his office articles of consolidation of the Chicago, Rock. Island & Pacific Railway Company, having its principal place of business in the city of Chicago and in the city of Davenport, Iowa. Upon the issue thus joined, the petition for removal was heard and denied. The appellant now insists that the court erred in refusing to remove the case to the United States Circuit Court, and we are of opinion that its contention must be sustained.

The United States Supreme Court has frequently held that a State court has no jurisdiction to try an issue of fact arising upon a petition of removal to the federal court, but, where the petition and bond are sufficient, the case must be removed; and such is also the rule of this court. *Railway Co. v. Dunn,* 122 U. S. 513 (7 Sup. Ct. 1262, 30 L. Ed. 1159); *Railway Co. v. Daughtry,* 138 U. S. 300 (11 Sup. Ct. 306, 34 L. Ed. 963); *Van Horn v. Litchfield,* 70 Iowa, 11; *Chambers v. Railway Co.,* 104 Iowa, 238.

1. REMOVAL OF CAUSES.

The appellant contends, however, that the petition does not on its face show that the defendant and the petitioner are the same party. There is nothing in this contention. The Chicago, Rock Island & Pacific Railway Company was the party sued by the plaintiffs, and the action was properly entitled against said corporation. The same company or corporation that had been

2. SAME: identification of petitioner.

brought into court filed the petition for removal, and it would be idle to say that the petition, taken in connection with the entire record in the case, did not sufficiently show the petitioner as the defendant in the plaintiff's action.

Appellee further says that the petition for removal should have alleged that the petitioner was not also a citizen of the State of Iowa. The petition, as is apparent from an examination thereof, alleges that it was a citizen of the State of Illinois, and that it was a nonresident of the State of Iowa, and this is all that the law requires to be stated in such a petition. If the plaintiff desires to controvert the alleged citizenship, it should be done by a countershowing as in this case. The petitioner is not called upon to negative every defense which may be made to his petition. All that he is required to do is to allege the diverse citizenship, and, when he has done this, the petition is sufficient. See cases heretofore cited. In *Bondurant v. Watson,* 103 U. S. 285 (26 L. Ed. 447), it is held that, if the entire record in the case certainly discloses the citizenship of the parties, it is sufficient. Our conclusion on this branch of the case renders it unnecessary to consider other matters urged on the appeal.

*3. SAME: sufficiency of petition.*

For the error pointed out, the judgment is *reversed* and the case is *remanded.*