CLINT F. DARCY ET AL.

*vs.*

GREAT AMERICAN INDUSTRIES, INC.,
CONNECTICUT TELEPHONE AND ELECTRIC CO.
BRANCH

Superior Court     New Haven County     File No. 64763

## MEMORANDUM FILED MARCH 13, 1944.

*Thomas R. FitzSimmons,* of New Haven, for the Plaintiffs.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

MUNGER, J.   The case shows that the plaintiffs are residents of the State of New York and the defendant corporation is one organized and located in the State of Delaware.   It is alleged that it has a place of business in the Town of Meriden in this State.

The complaint presents a case in which damages are claimed for the breach of a contract made by the plaintiffs with a corporation named as the Connecticut Telephone and Electric Company.   At the time of the contract it is alleged that this corporation also was organized under the laws of the State of Delaware and was licensed to do business in the State of Connecticut.

It appears by paragraph 23 of the complaint that the Connecticut Telephone and Electric Company was dissolved on December 31, 1942, and that it has become merged with the corporation described as the defendant.   It clearly appears, therefore, that there is one corporation sued as defendant and it is named as above stated, Great American Industries, Inc., Connecticut Telephone and Electric Company Branch. .

Neither the plaintiffs nor the defendant therefore are residents of the State of Connecticut and the foundation of the parties for a transfer to the District Court of the United States is based upon he diversity of citizenship.   The prayer for removal is resisted by the plaintiffs for various reasons.   In the first place, it is said there is an insufficient verification. I am of the opinion that this claim cannot be maintained, and it is held that the verification is sufficient upon the opinion

of *S. B. McMaster, Inc. vs. Chevrolet Motor Co.,* 3 F. (2d) 469.

The plaintiffs cite in support of their claim that the verification is insufficient, *City of Arlington vs. Dallas-Ft. Worth Safety Coach Co.* (Tex. Civ. App.), 270 S.W. 1094. That case is plainly to be distinguished from the present case. The case presented a prayer for an injunction in the State of Texas.

The defendant's petition for removal is clearly supported by *Insurance Co. vs Morse,* 20 Wall. 445 and *Free vs. Western Union Telegraph Co.,* 122 Fed. 309.

An inspection of the record in the instant case disclosing the diversity of citizenship leads us to the conclusion that the case is removable.

As a general rule a plaintiff, as regards the removability of the cause of action, is entitled to have it considered and dealt with as stated in the complaint, and not otherwise. *Southern Ry. Co. vs Miller,* 217 U.S. 209. An action between citizens of different states begun in a court of a state of which neither is a citizen is removable by the defendant to the District Court of the district in which the suit is pending. *Lee vs. Chesapeake & Ohio Ry. Co.,* 260 U.S. 653.

"When a petition for removal has been filed and proper bond given, if the record, including the petition for removal, shows upon its face that a case is made which is removable, the jurisdiction of the State court is at an end, and that of the Federal court immediately attaches, and in such case any further proceedings in the State court are void. The State court is at liberty to determine for itself whether or not the record discloses facts which remove the case." *Lane Bros. Co. vs. Rickard,* 135 Ga. 650, 651, 70 S.E. 565.

The court, upon argument, inquired as to the status of attachment. It seems to be clear that the attachment is preserved. U.S. Code, tit. 28, §79.

Upon a petition for removal it is held that it is sufficient merely to allege a diverse citizenship. "All that he is required to do is to allege the diverse citizenship, and, when he has done this, the petition is sufficient....if the entire record in the case certainly discloses the citizenship of the parties, it is

sufficient." *Wisecarver & Reynard vs. Chicago R.I. & P. Ry. Co.,* 139 Iowa 596, 599, 117 N.W. 961, 962.

It clearly appears that for the purpose of jurisdiction and a diverse citizenship necessary for a transfer from the state court that a corporation is a citizen. 1 *Moore, Federal Practice,* p. 491.

In so far as the provisions of the Code itself are concerned upon which any right of removal must be based, it is pertinent to look at the language of the Code. The provision is as follows: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." U.S. Code, tit. 28, §71.

The fact that the defendant has an office and property here in Connecticut is no objection to a removal. *Miller vs. Southern Bell Tel. & Tel. Co.,* 279 Fed. 806; *Hurley vs. Wells-Newton Nat. Corp.,* 49 (2d) 914.

If the pleadings show that a case is removable from a state to a Federal court the jurisdiction of the Federal court attaches at once and becomes exclusive. *George Weston, Ltd. vs. New York Central R.R. Co.,* 115 N.J.L. 564, 181 Atl. 18.

The petitioner claims that the record must be taken as it stands and I am of the opinion that the authorities abundantly support this position. I find one case cited by the plaintiff which is not in harmony with these cases. *Burch vs. Davenport & St. Paul R. Co.,* 46 Iowa 449. That case held that the state courts have the power to inquire into the truth of the facts alleged in a petition for a removal of a cause from the state to the Federal court.

As before stated, the great weight of authority does not follow this doctrine in Iowa.

The plaintiffs have cited another case. *Vermont Valley Railroad vs. Connecticut River Power Co. of N.H.,* 99 Vt. 397, 133 Atl. 367. This was a case in a state court involving the consolidation of corporations and I cannot see that the facts in this case have any possible bearing on those in the instant case.

The plaintiff cites *Case vs. Atlanta & C.A.L. Ry. Co.,* 125 Fed. 862. A reading of this case discloses no facts similar to those in the instant case.

In *Crouse vs. Phoenix Ins. Co.,* 56 Conn. 176, there was presented the case of *scire facias* upon a process of foreign attachment. The opinion states (p. 183): "This is a contest between the plaintiffs and other residents in the state of New York as to the ownership of a fund in the keeping of the defendant, a stakeholder, which, together with the fund, is subject to the jurisdiction of the courts there. It is certain that if the plaintiffs had submitted themselves to a judgment by the courts there, it would have been against them. They have transferred the controversy to this jurisdiction, within which the defendant has residence also, and estate, as speculators upon the possibility of obtaining the judgment here upon comity, which would be denied them there upon law." Clearly, the facts in that case cannot avail the plaintiffs.

The plaintiffs have cited 23 R.C.L., *Removal of Causes,* §155, p. 772. I cannot see that the plaintiffs are supported by this citation as to questions of fact involving any petition for a transfer. "Upon that question there ought not to be a divided jurisdiction. It must rest with one court alone, and that is more properly the federal court in which the suit is entered." *See, also,* 23 R.C.L., *Removal of Causes,* §156, p. 772.

The plaintiffs receive no support that I can see from the citation of *Meyer vs. Construction Co.,* 100 U.S. 457. That case concerned the question as to whether an application for removal was made in time. I do not understand it to be seriously disputed in the instant case that this petition has been filed in due time.

The plaintiffs are not benefited by the case of *Evers vs. Watson,* 156 U.S. 527. That case held as follows: When it is not shown when, or at whose instance, or upon what ground a removal of a cause from a state court was affected, and no copy of the petition or of the substance of it is in the bill or annexed to it, everything must be presumed against the party objecting to it. Clearly no such situation is presented in the instant case.

I regret that there are two cases cited upon the plaintiffs' brief which I am unable to discuss as I am unable at this time to decipher my notes.

The conclusion of the matter is that the record shows a proper compliance by the petitioner with the required procedure upon a petition for removal of this case to the United States District Court, and for the reasons above stated, I cannot hold that the plaintiffs have shown any reason for the denial of the petition. It is therefore granted, the bond is accepted, and the case is ordered removed to the District Court of the United States for the District of Connecticut, pursuant to the order of removal attached to the petition.